ABRAM SHEPPARD AND JOHN DUNCAN, PLAINTIFFS IN ERROR,
                *v*. PEYTON S. GRAVES.

In this case, as in the preceding, it is decided, that where the plaintiff averred enough
     to show the jurisdiction of the court and the defendant pleaded in abatement that
     the plaintiff was disabled from bringing the suit, on account of residence, it was
     incumbent upon the defendant to sustain the allegation by proof.
Until that was done, it was not necessary for the plaintiff to offer any evidence upon
     the subject.

THIS case was brought up by writ of error, from the District
Court of the United States for the District of Texas.

The parties were the same as those in the preceding case, and
the point upon which the decision of the court turned was the
same as one of those decided in the preceding case.

It was argued, in conjunction with the other, by the same
counsel.

Mr. Justice DANIEL delivered the opinion of the court.

This is a suit between the parties to the case No. 65, and is
in all its features essentially the same with the former case with
one exception, which will be pointed out.

In this suit, as in No. 65, the defendants below demurred to
the petition, pleaded in abatement to the regularity of the ser-
vice of process, to the disability of the plaintiff on the score of
residence, and then interposed a defence in the nature of the
general issue, but tendered no proofs in support of their de-
fences, either in abatement or in bar. The plaintiff, to sustain
the jurisdiction of the court upon the question of residence, and
to meet the pleas in abatement, offered to read the deposition
of two witnesses Rugely and Blair, residents of the city of
New Orleans, in the State of Louisiana, taken *de bene esse* be-
fore a Commissioner in the city of New Orleans, under the act
of Congress of 1789. The reading of these depositions was
objected to by the defendants, because the Commissioner did
not certify that the witnesses resided at a greater distance than
one hundred miles from the place of trial, but stated only that
they were residents of the city of New Orleans, within the
Eastern District of the State of Louisiana, and beyond the
jurisdiction of the District Court of Texas. The court per-
mitted the introduction of oral evidence to prove that the city
of New Orleans was at a greater distance than one hundred
miles from Galveston, the place of trial; and ruling also that
the court itself knew judicially the mail routes and distances
thereof, and that New Orleans, the place of taking said deposi-
tions, was more than one hundred miles from Galveston, the
place of trial, permitted the depositions to be read in evidence.

Whether the District Court erred in allowing an omission in the certificate of the Commissioner to be supplied by oral evidence, or could regularly act upon knowledge assumed to be within its judicial cognizance, we do not consider it necessary to examine, in order to dispose of the case before us. It must be recollected that the defendants below, attempted no proof whatsoever in support of any of their pleas. The plaintiff having averred enough to show the jurisdiction of the court, and nothing having been adduced to impeach it, that jurisdiction remained as stated, and the plaintiff could lose nothing by adducing either imperfect evidence, or no evidence at all, in support of that which clearly existed, and which he, under the circumstances, could not be called on to sustain. Even then had the case in the District Court stood upon an issue regularly formed upon the pleas in abatement, the evidence of the depositions was wholly unnecessary — the ruling of the court upon that evidence was immaterial, and should not impair the strength of the plaintiff's case, which was perfect without it. But the exception to the ruling of the court on this point, must be unavailable upon another view, as given in our consideration of the preceding case. By interposing the plea of the general issue after their several pleas in abatement, the defendants have effectually waived those pleas, and surrendered the positions covered by them. The judgment of the Circuit Court must in this case also be affirmed.

This cause came on to be heard on the transcript of the record from the District Court of the United States for the District of Texas and was argued by counsel. On consideration whereof, it is now here ordered and adjudged by this court that the judgment of the said District Court in this cause be, and the same is hereby, affirmed, with costs, and interest until the same is paid, at the same rate per annum that similar judgments bear in the courts of the State of Texas.