# JACOB CHRISTOPHER

*v.*

## ACHILLES BALLINGER.

1. ASSUMPSIT—*of a plea in bar.* Where there is an agreement between parties to a suit, that upon compliance with certain conditions the suit shall be dismissed upon compliance, the agreement cannot be pleaded in bar. Upon motion to dismiss, supported by affidavit, or if the agreement were pleaded in abatement, the court might order the suit to be dismissed.

2. DAMAGES—*of consideration to support the promise.* Upon proof of consideration for such agreement, good in law, an action for damages would lie for non-performance.

APPEAL from the Circuit Court of Macoupin county; the Hon. EDWARD Y. RICE, Judge, presiding.

This was an action of assumpsit, brought by Ballinger against Christopher, at the March term, 1867, of the Circuit Court of Macoupin county, to recover upon a promissory note. Judgment was rendered for the plaintiff, and defendant appeals to this court. The only question made in this court is, whether a promise, with or without a consideration, to dismiss the suit, can be pleaded in bar.

The facts appear in the opinion of the court.

Mr. JOHN I. RINAKER, for the appellant.

Messrs. PALMER & HAY, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was an action of assumpsit, on a promissory note, and it was specially pleaded in bar to the suit, that the plaintiff agreed with the defendant, if he would pay the costs of the

suit, he would dismiss it. The defendant paid ten dollars as the amount of the costs, but the plaintiff proceeded with his suit.

Instead of taking issue on this plea, the plaintiff should have interposed a demurrer to it, which would have brought up the sufficiency of the defence, and no court would hesitate to decide the promise to dismiss the suit was no bar to its prosecution.

If pleaded in abatement, it might possibly have authorized a dismissal, or if a motion supported by affidavit had been made to dismiss, it might have been successful; but, as a bar, it was of no effect.

If the defendant has sustained damages by the non-performance of the agreement, he may, perhaps, maintain an action therefor, if he can show there was a consideration for the plaintiff's promise, good in law, which we think would be difficult.

The judgment is affirmed.

*Judgment affirmed.*