## Egbert R. Hurlbert

*v.*

## Francis M. Ellenberg.

Pleading—*plea of agreement to dismiss suit.* In a suit upon a note, the defendant pleaded that, since the continuance of the suit, at the November term, 1871, to wit: at the March term, 1872, there was another suit pending, on the chancery side of the court, for the same cause of action—the note in controversy having been secured by a mortgage; that the defendant, by his attorney, made an agreement with the attorney of the plaintiff that if the defendant would allow a decree on the mortgage, at the March term of the court, that he would dismiss this suit; and averred that defendant did permit the plaintiff to take a decree at that term of the court: *Held,* that the plea was bad on demurrer, as an agreement to dismiss a suit can not be pleaded in bar of the action.

Appeal from the Circuit Court of Iroquois county; the Hon. Charles H. Wood, Judge, presiding.

Messrs. Roff, Doyle & McCullough, for the appellant.

Mr. Justice Scott delivered the opinion of the Court:

There is but a single question presented by this record, viz: Was the demurrer properly sustained to the plea in bar of the action?

It is averred in the plea that, since the continuance of this suit, at the November term, 1871, to wit: at the March term, 1872, there was another suit pending, on the chancery side of the court, for the same cause of action—the note in controversy having been secured by a mortgage—that appellant, by his attorney, made an agreement with the attorney of appellee that if appellant would allow a decree on the mortgage, at the March term of the court, he would dismiss this suit; and it is further averred that appellant did permit appellee to take a decree against the land at that term of the court, wherefore he avers that the suit ought to be dismissed, and concludes with a verification and prayer for judgment.

The plea, by its beginning and conclusion, purports to be a plea in bar, and in form and substance is such; and when the facts stated are admitted, as they are by the demurrer, to be true, they constitute no defense to the action.

It was held by this court, in *Christopher* v. *Ballinger*, 47 Ill. 107, that an agreement between parties that upon compliance with certain conditions the suit should be dismissed, and noncompliance therewith, could not be pleaded in bar of the action; and the decision in that case is conclusive of the one at bar.

The judgment is affirmed.

*Judgment affirmed.*