Reversed and remanded.

## HENRY C. RYBOLT
### v.
## JAMES MILLIKEN.

1. PRACTICE—DEFENSES ARISING AFTER SUIT BROUGHT.—It is a general rule of pleading that matters of defense arising after action brought should be taken advantage of by a plea *puis darrien continuance.* Where an agreement is made between parties to dismiss a suit, the same may be done upon motion, if there is no dispute, but where the motion to dismiss is resisted upon an issue of fact as respects the agreement, the one alleging the agreement should be put upon his plea.

2. ORAL TESTIMONY IN SUPPORT OF MOTIONS.—It is improper to allow oral evidence to rebut affidavits on a hearing of a motion to set aside a default and motions of like character.

APPEAL from the Circuit Court of Macon county; the Hon. C. B. SMITH, Judge, presiding. Opinion filed December 11, 1879.

Messrs. MOORE & WARNER, for appellant; that it was error

to hear rebutting testimony upon appellant's motion, cited Mendell v. Kimball, 85 Ill. 582.

Messrs. CREA & EWING, for appellee.

McCULLOCH, J.   On the 26th day of April, 1879, appellant brought suit against appellee in the circuit court to recover a sum of money for the price of certain farm products alleged to have been purchased by appellee, but not paid for.   On the 28th day of the month of May following, appellee appeared in court, in term time, in the absence of appellant and his attorneys, and moved the court to dismiss the suit at his costs, according to the terms of a certain stipulation signed by appellant, which was produced in court.   The court thereupon dismissed the suit, and at a subsequent date refused to set aside said order on the motion of appellant.   In support of his motion to set aside the order of dismissal, appellant, by his counsel, read several affidavits; whereupon the court, upon motion of appellee's counsel, continued the further hearing of said motion for several days, in order that appellee might have time to introduce evidence in rebuttal of said affidavits.   At the end of this time appellee produced in court the same persons who had made said affidavits, and subjected them to a rigid cross-examination upon the matters contained in their respective affidavits, and was himself examined orally in court touching the matters in controversy upon said motion.   To all of this course of proceeding appellant, by his counsel, duly excepted, and now assigns for error as well the rulings of the court made upon the hearing of said motion as the overruling of the motion itself.

It is a general rule of pleading that matters of defense arising after action brought, should be taken advantage by a plea *puis darrien continuance*, or by a plea to the further maintenance of the suit.   Robinson v. Burkell, 2 Scam. 278; Ross v. Nesbit, 2 Gilm. 252; Kenyon v. Sutherland, 3 Id. 99.

But where an agreement is made between parties to a suit to dismiss the same, and there is no dispute about the fact of such

agreement, courts will carry it into effect on motion. Toupin v. Gargnier, 12 Ill. 79; Henchey v. City of Chicago, 41 Ill. 136; Christopher v. Bullinger, 47 Ill. 107.

But where the motion to dismiss is resisted upon an issue of fact between the parties, the one alleging the agreement should be put to his plea. Ferris v. McClure, 36 Ill. 77.

In this case the paper presented to the court, admitted to have been signed by both parties, was as follows: "It is hereby agreed between the plaintiff and defendant in the above cause that the said cause shall be dismissed by the plaintiff at said term, at the costs of defendant." Had there been nothing more of the agreement than this, the action of the court might not have been erroneous. But it clearly appears from the affidavits filed by appellant that appellant also signed another paper, which appellee took away with him; that appellee made out his check, payable to appellant or order, for the sum of four hundred dollars, and that said check was for the time being left in the hands of Axton & Bennett, bankers in the village of Kenney, where the alleged settlement took place. At the same time still another paper was drawn up, signed by appellee, and left with said check in the hands of Axton & Bennett, which paper was in substance as follows: " On a settlement between Jas. Milliken and Henry C. Rybolt of a suit in the Macon County Circuit Court, May term, 1879, James Milliken has paid to Henry C. Rybolt four hundred dollars, and binds himself and assigns to pay Moore & Warner their fees as attorneys in said cause, and all costs in said suit, and hold the said Rybolt harmless from all claims or demands from attorneys or witnesses in said suit. It is also further agreed, that all under one hundred dollars James Milliken can settle with Moore & Warner the said Milliken is to pay H. C. Rybolt, and a failure to comply with all the above obligations on the part of the said Milliken, then the settlement is to be null and void, and Henry C. Rybolt, through his attorneys, can prosecute the above suit the same as if no settlement had been made." .

On the part of appellant, it is claimed that he refused to consummate any agreement without the advice of his attor-

neys; that at the suggestion of appellee the said papers were drawn up ; that the check was to be left with Axton & Bennett until appellant should hear from his attorneys; that appellee was to go at once and submit the papers appellant had signed to his attorneys, with a statement of the proposed compromise, and if they approved of the papers, and of the proposed compromise, appellee was to pay them their fees and charges ; the attorneys were thereupon to notify appellant, who was then to draw the check from Axton & Bennett, and appellee was to go to Decatur and get the suit dismissed ; that he wholly failed to comply with this agreement, but went directly to Decatur and had the suit dismissed, and thereupon wrote to appellant's attorneys that he had settled with appellant, and had had the cause dismissed; that he had agreed to pay their fees; asked for their bill, and promised to remit if it was reasonable.

Appellee denies all this, and on the hearing produced the second paper signed by appellant, as follows : "The defendant, James Milliken, having this day paid to the plaintiff, Henry C. Rybolt, the sum of . . . . dollars, the said plaintiff, Rybolt, in consideration of said payment, hereby releases and discharges the said James Milliken from all claims and demands which the plaintiff, Rybolt, may have against the said Milliken, involved in the above suit."

At the time the above papers were signed, an agreement between appellant and his attorneys was produced and shown appellee, in which agreement it was provided that the attorneys were to have a certain portion of the claim for collecting it. Appellee gave it as his opinion that this agreement was void, but, whether legal or not, he was willing to undertake to settle with them. This he failed to do before dismissing the suit, and afterwards undertook to settle with them for one hundred and fifty dollars, but failed in the attempt.

The mere fact that the attorneys of appellant may have had an interest in the claim, would not of itself be sufficient ground for setting aside the dismissal. Chapman v. Shattuck, 3 Gilm. 49. But it appears from the agreement signed by appellee, that he bound himself to pay appellant's attorneys their fees, and to hold appellant harmless therefrom, and a failure on

his part to comply with all his obligations was to render the settlement void, and appellant could proceed to prosecute the suit the same as if no settlement had been made.

Construing this paper in connection with the other two as part of the same agreement, which we feel bound to do under the circumstances of the case, it very clearly appears that the suit was not to be dismissed until appellee had substantially complied with his undertaking, which we cannot say he had done so long as appellant was liable to be sued by his attorneys for their claim.

Putting out of view, therefore, all questions of dispute between the parties, as to whether or not these papers were intended to operate as an immediate settlement of the matter in controversy in the suit, it appears from the record that at the time of the order complained of the court was not put in possession of the whole agreement in relation to the dismissal of the suit, but that that part of it which bore most strongly in appellant's favor, was kept back. When that paper was produced in court, it was proved that appellee had been wholly unable to effect a settlement between himself and appellant's attorneys, and that the only way left to dispose of their claim was to prove their agreement with appellant void, and to tender them a sum sufficient to remunerate them for their services. It clearly appears the suit was prematurely dismissed, and it was error in the court to refuse to set the order of dismissal aside.

The fact that a large amount of evidence had to be taken in support of the positions assumed by the respective parties, demonstrates pretty clearly to our minds the impropriety of the practice adopted by the court in allowing evidence to rebut the affidavits. Such practice is not allowed on the hearing of motions to set aside defaults and in others of like character, and we can see no good to result from its adoption on the hearing of motions such as this. Mendell v. Kimball, 85 Ill. 582.

The judgment of the Circuit Court is therefore reversed, and the cause remanded, with directions to that court to set aside the order of dismissal and to reinstate the cause upon

the docket, and with leave to appellee to plead the said settlement and release in bar to the further maintenance of the suit, if he shall be so advised.

Reversed and remanded.