McFADDEN v. HEISEN.

(Circuit Court of Appeals, Ninth Circuit.   February 4, 1907.)

No. 1,344.

DISMISSAL—AGREEMENT MADE OUT OF COURT—PLEADING.

An agreement to dismiss a pending suit made out of court, and not presented to nor acted on by the court, cannot affect its jurisdiction to proceed with the suit, and, if relied on by the defendant, must be pleaded in abatement, and is waived by answering an amended bill filed thereafter on the merits.

Appeal from the Circuit Court of the United States for the District of Idaho.

The appeal in this case is taken from a decree of foreclosure of certain mortgages. The original bill was filed June 11, 1900. In the following January, and while the suit was pending, the appellant herein, who was the defendant in the foreclosure suit, entered into a contract with Charles M. Thayer and Henry J. Wilkins, whereby he agreed to sell to them the mortgaged property on certain conditions. In pursuance of that agreement, he executed a deed to Thayer and Wilkins, and placed the same in escrow, together with an agreement setting up the conditions of the escrow. After Thayer and Wilkins had entered into this agreement, they entered into a contract with the appellee herein, the complainant in the foreclosure suit, wherein it was provided, among other things that, upon the receipt of $2,000, on or before March 1, 1901, the appellee should execute and place in escrow with the American Trust & Savings Bank of Chicago, an agreement to the effect that he would forthwith discontinue said foreclosure proceedings, and not institute further proceedings for the collection of the debts due him from the appellant as long as the said Thayer and Wilkins should pay or cause to be paid to him further designated installments on the mortgage debt. Thayer and Wilkins paid the $2,000 so stipulated to be paid on March 1, 1901. Thereupon the appellee placed with the escrow a discharge of the mortgages, to be delivered to Thayer and Wilkins upon their compliance with the terms of their contract, and therein recited the following:

"Know all men by these presents: That I, Charles C. Heisen of Chicago, Illinois, in consideration of $2,000.00 to me in hand paid by Charles M. Thayer of Boston, Massachusetts, and Henry J. Wilkins of Belmont, Massachusetts, the receipt whereof is hereby acknowledged, do hereby represent and affirm that I have discontinued certain foreclosure proceedings instituted by me in the United States Circuit for the state of Idaho, by which proceedings I was foreclosing certain mortgages and trust deeds. * * * And I have further agreed with the said Thayer and Wilkins that I will not institute any other proceedings for the collection of debts covered by said mortgages or trust deeds as long as they make the following payments at the times hereinafter enumerated."

Thayer and Wilkins failed to make the payments. On December 9, 1903, the appellee filed in the court below, under the designation "Amended bill of complaint," a bill in which he set forth all of his causes of suit against the appellant, and prayed for a decree of foreclosure. The appellant answered said bill on the merits, denying indebtedness to the appellee on any of the causes of suit set forth therein, and alleging in defense of the suit that after the commencement of the foreclosure proceedings the appellant had contracted for the sale of the mortgaged property to Thayer and Wilkins upon their paying the mortgage indebtedness to the appellee, and an additional sum to the appellant; that the appellee thereupon agreed to and did look to the said Thayer and Wilkins for the payment of the said mortgage debt, "and did enter into a contract and arrangement independent of this defendant as to when and how such payments should be made to him, and did agree with them as to the conditions and terms thereof and did, for a money consideration, extend the time for said payments, or some thereof, and did contract and agree with them to discontinue and dismiss this suit, and to bring no other suits, and to cancel and satisfy all his said claims upon said properties, and that thereafter the said Heisen, complainant, directed that the said suit be discontinued and dismissed, and the said Thayer and Wilkins agreed to the same, and this defendant was uninformed and was informed by the said parties, the said Thayer and Wilkins and the said Heisen, that this suit was dismissed. And thereupon payments were made by the said Thayer and the said Wilkins to the said Heisen upon these claims upon which this said suit had been brought, and for the payment and discharge of these said liens and mortgages and the discontinuance of said suit, and to carry out the agreement, to the sum of $22,400, which sum said Heisen has received for such purpose or on such account from said Thayer and the said Wilkins, as this defendant is informed

and believes. That afterwards said Heisen filed this amended complaint, and began to carry forward these proceedings for the foreclosure upon this property for debts which are not .claims upon this defendant, and for the foreclosure of these mortgages which are not liens upon any of the properties mentioned in this complaint in this suit, which said complainant Heisen had agreed to dismiss and discontinue."

Alfred A. Fraser, for appellant.

F. S. Dietrich, for appellee.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge, after stating the case as above, delivered the opinion of the court.

It is assigned as error that the court entered a decree of foreclosure in the face of the appellee's contract to discontinue the suit. The appellee, for a valuable consideration, agreed to discontinue foreclosure proceedings, and not to institute further proceedings for the collection of his debt, provided that the said debt be paid in stipulated installments. There was default in the payment of the installments, and the appellee, instead of proceeding upon the original bill, filed an amended bill, setting up his cause of suit, and praying for foreclosure. The agreement to discontinue was never carried out by any order or entry in the journal of the court, nor was there any paper filed in the court, embodying an agreement to discontinue on which the court could have acted. The court had therefore full jurisdiction to proceed, and, even if an order of discontinuance had been entered, the filing of the amended bill with the answer of the appellant thereto on the merits, gave the court jurisdiction to proceed to foreclosure. To enforce his right to have the cause dismissed, in pursuance of the agreement to discontinue, the plaintiff in error should have pleaded in abatement or moved to dismiss, with a supporting affidavit. Christopher v. Ballinger, 47 Ill. 107; Buel v. Dewey, 22 How. Prac. (N. Y.) 342. In Callanan v. Port Huron & Northwestern Ry., 61 Mich. 16, 27 N. W. 718, Chief Justice Campbell said:

"It certainly seems difficult to discover how a mere executory contract can operate ipso facto upon a law suit pending or not pending."

In People v. Onondaga Com. Pleas, 1 Wend. (N. Y.) 314, it was held that the right to a discontinuance was waived by going to trial and cross-examining witnesses. Of similar import are Brent v. Coyle, 2 Cranch (C. C.) 287, Fed. Cas. No. 1,837; Buel v. Dewey, 22 How. Prac. (N. Y.) 342; Mahon v. Mahon's Adm'r, 19 Ind. 324; Hayes v. Dunn, 136 Ala. 528, 34 South. 944; Maynard v. May, 2 Cold. (Tenn.) 44. And even if the agreement to discontinue was, as contended by the appellant, in effect a discontinuance of the suit, an objection such as this, to proceeding in the cause, which did not go to the jurisdiction of the court or the validity of the rights involved or the merits of the controversy, could only have been taken by a plea in abatement and before pleading to the merits. It is waived if presented in a general answer to the merits. Bates, Fed. Eq. Procedure, § 254; Railroad Co. v. Harris, 12 Wall. 65, 20 L. Ed. 354; Spencer v. Lapsley, 20 How. 264, 15 L. Ed. 902; Sheppard v. Graves, 14 How. 512, 14 L.

Ed. 521. Instead of interposing a plea in abatement, the appellant herein filed an answer to the merits and therein set up, not as a plea in abatement, but as a plea in bar, the agreement between the appellee and Thayer and Wilkins, claiming that, as the result thereof, the debts sought to be collected were not his debts, and that the mortgages had ceased to be liens on the mortgaged property.

The decree of the Circuit Court is affirmed.