SNYDER v. DE FOREST WIRELESS TELEGRAPH CO. et al.

(Circuit Court, D. Maine. June 7, 1907.)

No. 605.

1. ABATEMENT—ANOTHER SUIT PENDING—FEDERAL AND STATE COURTS.

The rule applied that the pendency of a suit in a state court is not a bar to a subsequent suit brought in a federal court involving the same subject-matter and seeking the same relief.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 1, Abatement and Revival, §§ 87–91.

Pendency of action in state or federal court as ground for abatement of action in the other, see notes to Bunker Hill & Sullivan M. & C. Co. v. Shoshone M. Co., 47 C. C. A. 205; Barnesville v. Waltemeyer, 73 C. C. A. 521.]

2. EQUITY—PRACTICE—DEMURRER.

A court of equity may in a proper case reserve consideration of any questions of law arising on a bill until final hearing, notwithstanding the filing of a demurrer.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 19, Equity, § 515.]

**3. DISMISSAL—AGREEMENT MADE OUT OF COURT—PLEADING.**

An executory agreement between a complainant and one of a number of defendants for the settlement and dismissal of a pending suit, made out of court, will not be carried into effect by the court by a summary dismissal on motion of such defendant, where complainant has not appeared to consent either in person or by solicitor; but the defendant will be left to the proper proceeding by cross-bill.

In Equity. On plea, demurrer, and motion to dismiss.

Jas. A. Allen and W. G. Chapman, for complainant.
Verrill, Hale & Booth, and F. X. Butler, for respondents.

PUTNAM, Circuit Judge. This bill was brought by the complainant, on behalf of himself and other stockholders of the De Forest Wireless Telegraph Company, against another corporation and certain individuals whom it is not necessary for our purposes to name. The bill, with its amendment, covers 32 printed pages. Its allegations are complicated, and the various reliefs which it asks for are numerous and far-reaching. The amendment covers six printed pages, so that for the court to apply the amendment to the bill and analyze the bill with reference to determining the questions of law raised on its face would put on it a very serious and difficult duty and burden. All or some of the respondents filed a plea alleging that a suit of substantially the same character as that at bar, and asking substantially the same relief, was commenced in a state court of New York, before the filing of this bill, and the same is still pending. Also, on the same day on which the plea was filed, some or all of the respondents filed a demurrer alleging generally want of equity; that is, a general demurrer. They also on the same day filed a joint and several answer or answers. The complainant maintains that the plea, demurrer, and answer, or answers, constitute in law a single instrument of defense; but, although filed at the same time, and in what might be called according to the common understanding a single document, the plea, demurrer, and answers are in law separate and distinct pleadings, and are to be regarded as such.

There was also a motion to dismiss, or discontinue, which presents the most important questions we have before us.

This plea of another suit pending in a state court clearly is not valid. It often happens that different suits covering the same subject-matter may be brought in different jurisdictions, or in the federal court and the state court in the same jurisdiction, without either being a bar to the other until some judgment is rendered; and this may be for reasonable and just causes. If, however, various suits are brought in different jurisdictions which are needless or oppressive, and which put the respondents to unnecessary or unjust labor or expense, it is in the power of a court in equity, whatever may be the powers of courts at law, to impose terms with reference to the method of proceeding in each of the various suits so as to prevent the defending or responding parties from being improperly harassed. Nothing calling for any action of that nature is pending before us, and therefore we can only enter a judgment overruling the plea with costs, under equity rule 34.

Within the spirit of the equity rules, a plea of the nature of that before us is not necessarily overruled by a contemporaneous or subsequent demurrer or answer. Nevertheless, with regard to a demurrer, the usual practice which prevails in equity, by virtue of which an answer overrules a demurrer, has been urged on us. The complainant for this reason moved to strike out the demurrer; but, in view of the ultimate result which seemed plain to us, we were not disposed to complicate the record by an order which we deemed unnecessary. We had no brief from the respondents, or anything analyzing the bill and its amendment; the demurrer is general; and, in view of the length and complexity of the bill which we have explained, the burden thrown on us, if we undertook to sift out the pleadings, would be of such a character that we do not feel called on to undertake it. We would be justified in this by a reference to our own rules, which require proper briefs in this connection; and particularly may we avail ourselves of the practice explained in Kansas v. Colorado, 185 U. S. 125, 144, 145, 22 Sup. Ct. 552, 46 L. Ed. 838, which justifies us in reserving to the final hearing all substantial questions of law appearing on the face of the bill. For these reasons there will be a judgment overruling the demurrer, with costs as provided in rule 34, to which we have already referred.

We will next deal with the motion to dismiss, or discontinue, whatever it should be called. As we have said, this bill was brought by Snyder on behalf of himself and other stockholders in one of the corporations named as respondents. It was filed on February 13, 1906. On November 28, 1906, the complainant made an agreement with one of the respondents, as follows:

"New York, November 28, 1906.

"To Mr. Abraham White:

"In consideration to the payment to me, or my nominees, of the full sum of seventy-five hundred dollars ($7,500), I hereby agree to dismiss all suits and actions at law brought by me against you and any companies in which you are interested, including the American De Forest Wireless Telegraph Company, the De Forest Wireless Telegraph Company, Greater New York Security Company, and any other companies affected, and against Mrs. Cora Theresa White. The payment of said money to be made at such times and in such amounts as shall be arranged by our respective attorneys. The date of dismissal of said suits shall also be arranged by our respective attorneys immediately upon the return of Mr. Francis X. Butler to New York City.

"[Signed]                                                    Henry B. Snyder.

"Witness:

"[Signed]   Wm. E. Nichols."

In connection therewith, on December 10, 1906, the complainant gave presumably the same respondent a consent to a discontinuance as follows:

"I hereby consent that the above-entitled action be discontinued without costs to either party as against the other, and that an order to such effect may be entered by any of the parties without further notice.

"Dated New York, December 10th, 1906.

"Henry B. Snyder, Plaintiff."

We have no proper evidence before us that the $7,500 named in the contract was ever paid to and accepted by the complainant. This

sum was deposited in the registry of the state court in New York in which the other suit referred to is pending; but the suggestion is of such an informal character that we cannot accept it here. Before anything had been done to give effect to this agreement, and before any action was taken in this court looking to the dismissal of this suit on account thereof, one Althouse, claiming to be a co-stockholder with the complainant, on December 20, 1906, filed a petition for leave to intervene in the usual form.. On this petition an order was made on February 4, 1907, as follows:

"Walter Althouse, stockholder, made party plaintiff by intervention, per petition filed December 20, 1906, the same intervention not to affect any right of any respondent to have the bill dismissed, or otherwise disposed of, which accrued before the petition was filed."

The next action was as follows, also on February 4, 1907, namely:

"The respondents moved to dismiss the bill according to plaintiff's alleged agreement contained in a certain affidavit of F. F. Butler."

This agreement is the one we have already described. On the same day, an order was entered that the case should be heard on a day named on plea and demurrer, and on motion to dismiss. Subsequently both parties had leave to file briefs on the motion to dismiss. With the rest, briefs were submitted in behalf of the solicitors for the complainant who appeared for him when the bill was filed. This brief was in opposition to the motion. The agreement was in pais, and it was not made in the face of the court. The topic as presented to us includes serious questions of fact and law. We are too well disposed to follow well-beaten paths to undertake to act summarily under such circumstances. Therefore we will proceed in accordance with the settled rules of practice, leaving the parties to their plea and proof, where all rights can be protected and all evidence sifted.

First, we have to deal with the brief entitled "Brief for Walter Althouse and Attorneys and Solicitors for Complainant in Opposition to the Dismissal of the Bill." This was not filed in behalf of solicitors in their capacity as such, so that the time for any consideration in that aspect has not arrived. It is based on the proposition that the solicitors have a pecuniary interest in the controversy. If they have such an interest, and the court is bound to protect it, they should, of course, have been made parties complainant. They base their right to be heard on a contract, or contracts, made with the complainant before this suit was commenced, by virtue of which they stipulated to prosecute this and other litigation for the complainant, receiving as compensation one-third, or one-half, whichever it may be, of the proceeds thereof, and also to make no other charge for their services, and to incur no disbursements on account of the complainant without his consent. Even if this agreement is valid under the laws of New York, it is not one which an equity court should encourage, so far at least as to protect it in a summary way. We never gave leave to file a brief in behalf of this interest; and therefore, so far as any brief filed represents solicitors in their individual behalf, it should be stricken out..

There are various questions raised, but only one need be considered. The best position for the respondents is that we have here an executory

154 F.—10

agreement between one of the respondents and the complainant for the settlement of this litigation. We also have the written consent of the complainant that the action be discontinued without costs. This consent is addressed to no person. The complainant has neither appeared per se, nor by any solicitor except those we have named, who resist a dismissal; and no attempt has been made in his name to discontinue. Evidently, the consent to a discontinuance was only an incident of the agreement to settle the litigation. The proper proceeding to give effect to such an agreement is by a cross-bill, and we therefore leave whomever it may concern to initiate proper proceedings in reference thereto. The agreement having been made out of court, and never having been acted on by it, and there being nobody before us properly representing the complainant who has attempted to discontinue the case, we are not now called on to give the agreement effect. A late case applying this rule is McFadden v. Heisen (decided by the Circuit Court of Appeals for the Ninth Circuit) 150 Fed. 568.

The plea and demurrer are severally overruled, with several costs in accordance with equity rule 34; the brief filed in behalf of attorneys and solicitors for the complainant, so far as it concerns them, is stricken out; and the motion to dismiss is denied.