Tatiana BOKS, Appellant,

v.

**CHARLES E. SMITH MANAGEMENT, INC., et al., Appellees.**

No. 81–1623.

District of Columbia Court of Appeals.

Argued Sept. 16, 1982.

Decided Nov. 17, 1982.

John R. Keys, Jr., Washington, D.C., for appellant.

Christopher E. Hassell, Washington, D.C., for appellees.

Before KERN, NEBEKER and TERRY, Associate Judges.

KERN, Associate Judge:

This appeal presents the question whether the trial court acted properly in dismissing appellant's action on the basis of a praecipe of dismissal which had been executed by the appellant for herself and for the appellees, and was served upon the appellees, but never filed with the court. Because we find genuine issues of material fact in this case which were improperly resolved on the motion to dismiss, we reverse.

I

This is a personal injury action brought *pro se* by the appellant, Tatiana Boks, for damages allegedly resulting from a malfunction of the air conditioning unit in her apartment, which is managed and owned by the appellees, Charles E. Smith Management, Inc. and Sage Associates.

Appellant filed her complaint on December 11, 1980. In late March 1981, when she concluded that ill health would prevent her from responding to a set of written interrogatories which had been served upon her by the appellees, she sought to postpone her case. Although appellant was not yet in default in answering the interrogatories, she obtained the assistance of an attorney in preparing a praecipe for the dismissal of her case without prejudice. On April 30, 1981, that attorney, in her presence, telephoned appellees' counsel and obtained permission to join his signature to the praecipe. Appellant then signed her name and appellees' counsel's name to the praecipe; and she also signed a certificate of service indicating that a copy of the praecipe had been mailed to appellees' counsel.

Appellant contends that, in fact, she never mailed the praecipe (and it is unclear from the record who mailed the praecipe), but it is undisputed that appellee's counsel received a copy of it. It is also undisputed that the praecipe of dismissal was never filed with the court; and it appears that it did not come to the court's attention until September 1981, when appellant sought to continue with the case and appellees filed a motion to dismiss, citing only the signed but unfiled praecipe and Rule 41(a)(1)(ii) of the Superior Court Rules of Civil Procedure.[1] A hearing was held by the trial court on the motion to dismiss, and the motion was granted, with prejudice, on December 18, 1981.

Appellant asserts that, at the time she signed the praecipe of dismissal, she had not actually made a final decision to dismiss the case. She stated that she had obtained assistance in preparing the praecipe only because she was unable to prepare it herself

1. Rule 41(a)(1)(ii) provides for the voluntary dismissal of actions by the plaintiff without order of court "by *filing* a stipulation of dismissal signed by all parties who have appeared in the action." *Id.* (emphasis added). Because Superior Court Rule 41(a) is virtually identical to Fed.R.Civ.P. 41(a), we will construe it in light of the meaning of the federal rule. *Taylor v. Washington Hospital Center,* D.C.App., 407 A.2d 585, 590 n. 4 (1979), *cert. denied,* 446 U.S. 921, 100 S.Ct. 1857, 64 L.Ed.2d 275 (1980); *Campbell v. United States,* D.C.App., 295 A.2d 498 (1972); *cf.,* D.C.Code 1981, § 11–946.

and wanted to have it available in case she should decide to file it. Appellant also contends that, at the time she signed the praecipe, she did not have the intent to make an agreement with appellees' counsel for the voluntary dismissal of the case. Appellant maintains that a praecipe or stipulation of dismissal under Rule 41(a)(1)(ii) has no effect whatever on the pending litigation unless and until it is filed with the court. Appellant further contends that the trial court erred in determining, in the context of a Rule 41 motion, factual issues which should have been resolved at a hearing.

Appellees, on the other hand, assert that a strict filing requirement to effect dismissal under Rule 41 is incompatible with the common sense approach of the Rules of Civil Procedure. Appellees also maintain that the appellant entered into an enforceable agreement to dismiss the action, regardless whether the praecipe itself was effective as a voluntary dismissal under Rule 41(a)(1)(ii).

## II

First, we address appellant's contention that a voluntary dismissal under Rule 41 is effective only upon the filing of a praecipe or stipulation with the court. In plain language, Rule 41(a) states that voluntary dismissal is to be had by "filing;"[2] and appellant cites several opinions in which other courts have stated that the praecipe of dismissal must be filed to be effective. *E.g., United States v. Transocean Airlines, Inc.,* 356 F.2d 702, 705 (5th Cir.1966); *Burns v. Fincke,* 90 U.S.App.D.C. 381, 197 F.2d 165 (1952). However, the references to the filing requirement in those cases were merely *dictum;* and appellant has not cited any authority for her argument involving facts identical to, or even substantially similar to, those of this case. The case precedent closest to point is *Ogniewski v. New York Cen-*

*tral R. Co.,* 9 Fed.R.Serv. 60b.31, Case 2 (W.D.N.Y.1945). In that case, the plaintiff had two suits pending before the court involving the same subject matter and therefore agreed to dismiss one of them. The plaintiff signed, but never filed, a stipulation to dismiss the first-filed suit. When the second suit was later dismissed involuntarily for want of prosecution, the court ruled that the first action was nevertheless still pending because the stipulation of dismissal had never been filed. *Id.* at 904. There was no claim made in *Ogniewski* that the plaintiff *never* intended to dismiss the suit, as there is in the instant case.

Although the opinions relied upon by the appellees involve stipulations of dismissal which were never formally filed but were nonetheless enforced by the courts, they are also distinguishable from the instant case. In each of them, there had in fact been an effective "filing" because the stipulations had been made or presented orally in open court, had been referred to in other signed representations filed with the court, or had been brought before the court in some other way. *E.g., Oswalt v. Scripto, Inc.,* 616 F.2d 191 (5th Cir.1980); *Pipeliners Local Union v. Ellerd,* 503 F.2d 1193 (10th Cir.1974); *Harkless v. Sweeny Independent School District of Sweeny, Texas,* 388 F.Supp. 738 (S.D.Tex.1975). *See also, Sampson v. Sony Corporation of America,* 434 F.2d 312 (2d Cir.1970); *Doyle v. Stanley Works,* 60 F.R.D. 132 (E.D.Pa.1973), *aff'd,* 492 F.2d 1238 (3d Cir.1974). No such effective substitute for filing is evident in the record before us in this case.

Thus, it appears that the weight of authority would support a holding that the signed, *but unfiled,* praecipe in this case was ineffective to dismiss the action, and represented at most a purely executory agreement (if it were an agreement at all), absent the required filing with the court.

**2.** Both Rule 41(a)(1)(i) and (ii) dismissals are effective upon filing; the Rule sets forth no service requirement for either. *See Silver v. Indemnity Insurance Co. of North America,* 80 F.Supp. 541 (D.Conn.1948). In this respect, Rule 41 has been compared with former Rule 73 (now Fed.R.App.P. 4) which also has a filing requirement and omits the service requirement. 5 J. MOORE, MOORE'S FEDERAL PRACTICE ¶ 41.02[2], at 41–23 (1982). In at least one case under Rule 73, a notice of appeal was held ineffective where served on the other party but never filed. *FDIC v. Congregation Poiley Tzedeck,* 159 F.2d 163 (2d Cir.1946).

## III

In our view, the more important issue, on which we decide the case, is that raised by appellant's latter contention, that the trial court erred in ordering the action dismissed under Rule 41(a), considering the factual issues involved.

The trial court seems to have treated appellees' motion to dismiss as a motion for summary judgment.[3] In granting the motion, the trial judge actually issued the equivalent of a summary judgment holding that the appellant's affidavit did not create a genuine issue of material fact—either because the trial court found that no pertinent factual controversy exists, or because the court was ruling, in effect, that a praecipe of dismissal which has been signed and served, but never filed, is immune from collateral attack by a plaintiff who claims she had never definitely formulated the intent to dismiss the case.

We hold that a praecipe of dismissal under Rule 41(a)(1)(ii) which has been signed by the parties and served upon the defendant, but has never been filed with the court, *is* subject to a collateral inquiry into the circumstances surrounding its execution and the understanding of the parties at the time it was executed. Therefore, we conclude that material and genuine issues of fact exist in this case so that the trial court erred in summarily dismissing the appellant's case.

The summary judgment rule, Super.Ct. Civ.R. 56, provides that "[t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Id.*

Appellant submitted an affidavit in connection with her opposition to appellees' motion to dismiss which was uncontroverted. It raised material factual issues concerning appellant's state of mind when she signed the praecipe—such as whether she intended to make an agreement to dismiss the action or whether the attorney who assisted her made such an agreement with her knowledge and consent.[4] It also raised a material factual issue concerning whether she actually served the praecipe on appellees' counsel. Yet appellees had never submitted affidavits, depositions, or responses to interrogatories, as is customary under Rule 56,[5] to establish that these facts were

---

**3.** Appellees' motion to dismiss relied entirely upon Rule 41(a); appellees did not move for involuntary dismissal under Rule 41(b), nor for dismissal under Rule 12, nor for summary judgment under Rule 56. However, Rule 41(a) is a plaintiff's remedy. It does not specifically provide rights to defendants to obtain dismissal based on alleged out-of-court stipulations of dismissal. Rather, as two very early opinions suggest, the appropriate procedure to raise the issue of a stipulation or agreement to dismiss a suit is on the merits, as an affirmative defense, or on a motion for summary judgment, if there is no genuine issue of material fact. *See Snyder v. De Forest Wireless Telegraph Co.,* 154 F. 142 (D.Me.1907) (court not called upon to give effect to out-of-court agreement to dismiss; it should be raised by cross-bill). *McFadden v. Heisen,* 150 F. 568 (9th Cir.1907) (plea in abatement or motion to dismiss, with a supporting affidavit, are proper procedures to enforce a dismissal agreement never filed in court). *See also, Hester v. New Amsterdam Casualty Co.,* 268 F.Supp. 623, 627 (D.S.C.1967) (motion for summary judgment is customary procedure to enforce alleged settlement agreement or stipulation).

**4.** Rule 41(a)(1)(ii) refers to the filing of a "stipulation," which is, by definition, an agreement. The document signed by the appellant was a praecipe addressed to the Clerk of Superior Court, and it contained no language of promise or agreement. Further, there was no evidence suggesting that appellant knew the difference between a Rule 41(a)(1)(i) dismissal by mere notice, which was no longer available to her since an answer had been served by the defendants, and Rule 41(a)(1)(ii) dismissal by stipulation, such that she could be presumed to understand that she was signing an agreement. Appellant contends, on the contrary, that she did not understand that a voluntary dismissal under Rule 41(a)(1)(ii) required an agreement with the appellees and that she did not understand herself to be under any obligation to file the praecipe.

**5.** Although Rule 56 does not mention oral testimony, Rule 43(e) permits the court to hear oral testimony on a summary judgment motion, as did the trial court in this case. Super.Ct.Civ.R. 43(e); *Occidental Realty Co. v. General Insurance Co. of America,* D.C.App., 301 A.2d 66 (1973). However, contradictory evidence hav-

not genuinely at issue, even though they, as the movants, had the burden of making that showing. *Howard v. Riggs National Bank,* D.C.App., 432 A.2d 701 (1981); *International Underwriters, Inc. v. Boyle,* D.C. App., 365 A.2d 779, 782 (1976). Moreover, the appellant, as the nonmoving party, was entitled to have all doubts and inferences concerning these fact issues construed in the light most favorable to her. *Nader v. de Toledano,* D.C.App., 408 A.2d 31, 42 (1979), *cert. denied,* 444 U.S. 1078, 100 S.Ct. 1028, 62 L.Ed.2d 761 (1980).

We conclude that the factual issues surrounding appellant's execution of the praecipe in this case should have been decided on the merits, with sworn testimony and cross-examination of witnesses, and after a full opportunity for discovery, rather than summarily at the hearing on the Rule 41 motion.

### IV

We turn now to appellees' argument that, even if the dismissal were not proper on the basis of the praecipe *per se,* there was an enforceable contractual agreement between the parties for the dismissal of the suit. Appellees contend that the consideration for the alleged contract was their consent to the filing of the praecipe of dismissal, by which they relinquished their right to have an adjudication on the merits of the appellant's personal injury claim.

▮ As a general rule, the validity of a settlement agreement is determined according to general principles of contract law.[6] *Bullard v. Curry-Cloonan,* D.C.App., 367 A.2d 127, 131 (1976). For the alleged agreement in this case to be binding upon the parties, there must have been an offer, acceptance, and bargained-for consideration. *Id.* at 131; *Rommel v. West American Insurance Co.,* D.C.Mun.App., 158 A.2d 683, 685 (1960). The claim of a contractual agreement in this case presented legal issues as to whether appellees' consent to a dismissal constituted sufficient legal consideration to form a contract, or whether it might be characterized more appropriately as an acceptance of a promise to make a gift. However, it also involved genuine and material factual issues which, like those relating to the effectiveness of the unfiled praecipe, were inappropriate to resolution on the motion to dismiss, for the same reasons as those discussed in Section III of this opinion.

This court, in *Brown v. Brown,* D.C.App., 343 A.2d 59 (1975), upheld an oral, out-of-court settlement agreement for·which a part of the stated consideration was the consent to the filing of a praecipe. However, in that case, the defendant had *also* withdrawn a countersuit and, further, the court noted that there was no problem of a knowing assent to the agreement: the plaintiff had in fact filed the signed praecipe but had later changed her mind and proceeded to trial; and her sworn testimony at trial showed that she had made the agreement. *Id.* at 61. In a case such as this one, where the pleadings and the other material before the court leave a doubt as to whether an agreement was actually reached between the parties, we conclude that the case is not a proper one for summary judgment treatment. *See Rommel v. West American Insurance Co., supra* at 684. Therefore, we need not reach the legal issue of the sufficiency of consideration.

---

ing been introduced, an issue of credibility was present and should not have been decided at the hearing unless it was too incredible to be believed by a reasonable jury. 6 J. MOORE, MOORE'S FEDERAL PRACTICE, Part 2, ¶ 56.-15[4], at 56–519, 56–525 (1982). We conclude that the contradictions raised by appellant's affidavit could not reasonably be considered inherently unbelievable.

**6.** There is authority for the proposition that a promise or agreement with reference to a pending judicial proceeding is binding without consideration. Restatement (Second) of Contracts § 94 (1982). However, the Restatement recognizes that local court rules, such as Rule 41(a)(1)(ii), may require certain formalities for a stipulation to be effective, such as filing. Thus, where a stipulation of dismissal has been properly submitted to the court, as by filing, the court will not look behind it for consideration. *See, e.g., Winter v. Welker,* 174 F.Supp. 836, 842 (E.D.Pa.1959). Conversely, as in this case, where the stipulation has not been formally and properly executed according to court rules, § 94 would not apply.

The United States Court of Appeals for the District of Columbia Circuit has considered an appeal fairly similar to this one, and reached the same result. *Autera v. Robinson,* 136 U.S.App.D.C. 216, 419 F.2d 1197 (1969). In that case, the trial court had entered judgment in accordance with an alleged oral settlement agreement after holding an informal hearing on a motion for entry of judgment, at which it had had before it only the statements of the parties' attorneys, a verified motion, and appellant's affidavits. There had been no cross-examination and no sworn testimony. The court of appeals reversed the judgment, observing that substantial and material factual issues were raised in appellant's affidavits and that they merited an evidentiary hearing if the parties' interests were to be protected. The court reasoned as follows:

> [I]t is apparent that the summary procedure for enforcement of unperformed settlement contracts is not a panacea for the myriad types of problems that may arise. The summary procedure is admirably suited to situations where, for example, a binding settlement bargain is conceded or shown .... On the other hand, it is ill-suited to situations presenting complex factual issues related either to the formation or the consummation of the contract, which only testimonial exploration in a more plenary proceeding is apt to satisfactorily resolve. We commend the summary practice for use in connection with problems capable of precise resolution without attendant hazard to the interests of the parties. At the same time, it is evident that beyond that point the convenience of the summary procedure must yield to the exigencies of safeguarding all legally protected rights that are involved.[7] [*Id.* at 219, 419 F.2d at 1200.]

Appellant in the case before us contends that she had never made a promise or an offer to dismiss her case, nor entered into any agreement to do so, nor bargained with appellees' counsel for the dismissal—only for the preparation of the appropriate praecipe. To the extent that the parties' representations to the trial court in this case left issues of fact for determination, the summary dismissal of the action was improper.

V

In sum, we conclude that there were genuine issues of material fact in this case which did not entitle the appellees to a judgment of dismissal as a matter of law. Accordingly, the summary judgment must be reversed and the case remanded for further proceedings.

*So ordered.*

---

7. In the *Autera* case, the affiants were not before the court at the hearing, as was the appellant in this case. In this case, the trial court did have some opportunity to judge credibility. However, the testimony in this case was not sworn, and there was no cross-examination. Moreover, in this case there was no affidavit of appellees or verified motion, as there was in the *Autera* case.