MARY L. DESAUTELS' ADMR. *v.* ARTHUR MERCURE'S ESTATE.

January Term, 1932.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and GRAHAM, JJ.

Opinion filed February 4, 1932.

*M. G. Leary, J. A. McNamara,* and *K. Paul Fennell,* for the defendant.

*Adrian J. Simays* and *Guy M. Page* for the plaintiff.

POWERS, C. J. Arthur Mercure murdered Mary Desautels and then committed suicide. She left a husband and two minor children. Her administrator presented to the commissioners of Mercure's estate a claim for damages to the husband and next of kin under G. L. 3314. This claim was disallowed, and an appeal was taken to the county court, where a trial by jury was had resulting in a verdict and judgment for the plaintiff. The defendant excepted.

The case will be disposed of by the determination of a single question: Did the right given by the statute referred to survive the death of Arthur Mercure? This depends primarily upon the character of that right. The plaintiff's theory is that the statute does not create a new cause of action, but a new right of recovery, a new element of damages. His whole case is built upon this as its foundation. On the other hand, the defendant's theory of the statute is that it creates an entirely new cause of action. And his defense is built on this doctrine as its foundation.

There is much to be said in support of each of these theories. Indeed, much has been said, and each is supported by courts of unquestioned ability. It is impossible to reconcile the numerous decisions to be found in the books, and we shall make no attempt to do so. Our own cases add to the confusion, and, as we shall see, cannot be made to harmonize.

It is confidently asserted that the great weight of authority is contrary to the plaintiff's theory and against his right to pursue the wrongdoer's estate. However this may be, a careful consideration of our own cases discloses a well-established interpretation of G. L. 3314 to the contrary.

This statute was first discussed by this Court in *Needham's Admx.* v. *Grand Trunk Ry. Co.,* 38 Vt. 294, and upon full con-

sideration, and by what has been referred to as "vigorous reasoning," it was concluded that it created a new cause of action. Despite the statement in the Legg Case, presently to be referred to, that the question was not involved, it was briefed by both sides, and the conclusion of the Court must be taken to have the force of a judicial dictum, at least. It seems to have been accepted as the law of this jurisdiction for some sixteen years. It was, in effect, affirmed in *Harding* v. *Townshend*, 43 Vt. 536, 542, 5 A. R. 304, where it was said that "the statute gives a new cause of action, based on a different principle." Again, in *Westcott's Admx.* v. *Central Vermont Railroad Co.*, 61 Vt. 438, 440, 17 Atl. 745, 746, the Court said that "when the death of a person results from the tortious act or neglect of another, two rights of action may arise, one to recover damages sustained by the deceased at the time of or after the injury and prior to his death; the other to recover damages to the widow and next of kin."

But in the meantime, an unreported case, *Haliday's Admr.* v. *Dover*, General Term, 1881, reached the Court, wherein the very question here presented was raised and considered. An opinion was prepared in effect overruling some of the conclusions of the Needham Case. The Court not being unanimously in favor of this opinion, though a majority agreed to it, it was not published, and the case went off on another point. See case next referred to.

Then came *Legg, Admr.* v. *Britton*, 64 Vt. 652, 24 Atl. 1016, wherein the determinative question was, as it is here, whether the statute gave a new right of action. After pointing out the previous discussions of this statute as shown above, the Court held that the effect of the statute was not to create a new cause of action, but a new right of recovery for the original wrong, and that the party wronged could extinguish it by a settlement or recovery in his lifetime. Obviously, if the statute gave a new right of action to the surviving spouse and next of kin, he could not thus cut it off.

So far, then, as the Needham Case had force as an authority for the defendant here, it was overruled. The Legg Case has never been doubted or criticized by this Court. The distinction therein drawn has been consistently adhered to. In *Lazelle* v. *Newfane*, 70 Vt. 440, 443, 41 Atl. 511, 512, it was expressly

approved in these terms : ''As was said by the court in *Legg, Admr.* v. *Britton:* 'Strictly, it is a new right of recovery arising from an injury to the intestate, which gave or would have given him a right of action and of recovery, if death had not ensued.' ''

In *Ploof* v. *Burlington Traction Co.,* 70 Vt. 509, 516, 41 Atl. 1017, 43 L. R. A. 108, the paragraph from the Legg Case containing this statement is quoted with evident approval.

In the recent case of *Berry* v. *Rutland R. R. Co.,* 103 Vt. 388, 154 Atl. 671, 672, we again asserted the distinction: ''Strictly speaking, G. L. 3314 does not give a new right of action, but a new right of recovery, not existing at common law, arising from the injury to the deceased, which gave or would have given him a right of action if death had not ensued''; and again in the more recent case of *Brown, Admr.* v. *Perry,* 104 Vt. 66, 156 Atl. 910, 912, by speaking of the right given by this statute as being strictly speaking, a new right of recovery.''

Whatever our attitude toward this question might have been if it was here presented for the first time, we do not feel at liberty to depart from this theory of the statute which has endured for more than fifty years without criticism by the profession or interference by the Legislature.

We hold, therefore, that the statute creates merely a new right of recovery which attaches to the right of action arising from the original wrong. By it, a new element of damages is engrafted upon that right of action; it provides ''a new principle as to the assessment of damages.''

It being thus established that the cause of action here is the one that accrued when Mercure struck the fatal blow, it survives by force of the express terms of G. L. 3311, and recovery can be had in these proceedings.

*Judgment affirmed. Let the result be certified to the probate court.*