**STONER et al. v. NATIONAL METRO-POLITAN BANK OF WASHINGTON et al.**

No. 34485.

District Court of the United States for the District of Columbia, Civil Division.

April 21, 1948.

Prentice E. Edrington, of Washington, D. C., for plaintiff.

Brandenburg & Brandenburg and Louis M. Denit, both of Washington, D. C., for defendants.

REEVES, District Judge.

The defendants, co-executors of the estate of Frederick W. Buchholz, deceased, have filed a motion to vacate and set aside the judgment heretofore rendered in the above cause, a motion for a new trial, and a motion to modify the judgment.

The motion to vacate and set aside the judgment and the motion to modify the judgment are both based upon section 20—502, D.C.Code 1940. These two motions are supported by an affidavit contemplated by the statute mentioned. The motion for a new trial is conventional, and, in substance, asserts that the decree of the court was for the wrong party. These will be noticed and discussed.

1. The motions to vacate or modify the judgment should be discussed together as they involve an identical question. The codal provision invoked is Section 20—502, D.C.Code 1940. The particular provisions relied upon relate to the rendition of judgments against executors and administrators. It is provided in this code that if a finding of " * * * debt or damages which the deceased (if he or she were alive)" is made, "the court shall thereupon assess the sum which the executor or administrator ought to pay, regard being had to the amount of assets in his hands and the debts due to other persons; *and if it shall appear to the court that there are assets to discharge all just claims against the deceased, the judgment shall be for the whole debt or damages found by the jury, or confessed, or otherwise ascertained, and costs; and if it shall appear to the court that there are not assets to discharge all such just claims, the judgment shall be for such sum only as bears a just proportion to the amount of the debt or damages and costs, regard being had to the amount of all the just claims and of the assets—that is to say, as the amount of all the said claims shall be to the assets, so shall the amount of the said debt or damages and costs be to the sum required, for which judgment is to be given."* (Italics mine.)

It is then further provided as follows: "And in no case shall the court proceed to assess as aforesaid and to pass such judgment against an executor or administrator until the time limited by law or by the

court for the executor or administrator to pass his account shall have expired: Provided, *That the said executor or administrator shall make oath (or affirmation, as the case may require) that he hath not assets to discharge all such just claims; and the account settled by the probate court, in which the debt or damages sued for ought to be stated, shall be evidence to show the amount of assets and claims; * * *.*" (Italics mine.)

In construing this statute the Court of Appeals for the District of Columbia in Hawley v. Hawley, 72 App.D.C. 376, 114. F.2d 745, loc. cit. 748, said: "It is significant, in this connection, that in an action against an executor unless such a defense, of insufficiency of assets, is interposed, judgment may be entered for the full amount of the demand sued upon, and on such judgment 'a fieri facias may issue against the defendant, and either his own goods or the goods of the deceased' may be taken and sold."

Whether this decision or pronouncement was obiter dictum or a statement in the nature of an innuendo, as contended by able counsel for the defendants, is immaterial as it appears to be a reasonable and fair interpretation or construction of the codal provision in respect of a procedural right.

■ The purpose of the state statute is to prevent the rendition of a money judgment or a decree against an executor or administrator, "if it shall *appear* to the court that there are not assets to discharge all such just claims, * * *." (Italics mine.) Quite clearly the judge or chancellor is called upon to withhold a part of his judgment or decree in those cases where a showing is made that the estate is without sufficient assets to liquidate the entire debt. The proviso, "that the said executor or administrator shall make oath * * * that he hath not assets to discharge all such just claims" is designed to raise the issue and enable the court to determine whether it should render a decree or judgment in the full amount of the proved claim or in a proportional amount. Necessarily this becomes a defensive matter, and, as in this case, it devolves upon the executors the duty to interpose, as a defense, the insufficiency or inadequacy of the assets, and

to present such clear proof as would enable the court to enter a judgment or decree conformable to the codal provisions. This was not done. The final decree in this case was entered on January 10, 1948, and the several motions invoking the codal provisions were not filed until January 21st and January 24th, 1948.

■ 2. In an effort to comply with the provisions of the statute in the matter of the oath, the executors deposed and, after setting forth at considerable length the conditions of the estate, added the following over-all recital: "In view of the foregoing, these executors *can not determine that they will have sufficient assets to pay all claims* and, therefore, pursuant to Section 20—502, D.C.Code 1940, state that they have not assets to discharge all such just claims." (Italics mine.)

Adverting to the statute, the executors or administrators are not warranted in raising a doubt as to the sufficiency of assets or in leaving the matter vague, as it is there provided "that the said executor or administrator shall make oath * * * *that he hath not assets to discharge all such just claims; * * *.*" (Italics mine.) And then it is provided that his accounts "shall be evidence to show the amount of assets and claims." Neither from the affidavit nor from the evidence taken by diligent counsel could it be reasonably determined what kind of a judgment or how much may be justly rendered in favor of the plaintiffs. The law did not contemplate such uncertainty but apparently placed the burden upon the executor or administrator at the trial to establish precisely what the condition of the estate was so that the court would know exactly what part of the claim should be allowed so that there would not be an impingement upon the rights of others.

■ 3. From the evidence submitted by industrious counsel and in the light of some of the contentions made, a question has been raised whether the statute refers to cash in the hands of the executors or to assets, potential or otherwise. It has been repeatedly held that "assets", as applied to decedent's estate, means property, real or personal, tangible or intangible, legal or equitable, which can be made available for, or can be appropriated to, the payment of

debts. Freedman's Savings & Trust Co. v. Earle, 110 U.S. 710, loc. cit. 719, 4 S.Ct. 226, 28 L.Ed. 301; Mutual Life Ins. Co. v. Farmers & Mechanics National Bank, C.C., 173 F. 390, loc. cit. 397.

From the evidence it is obvious that there are assets available and within the reach of the executors and which assets can be marshalled and used for the discharge of the judgment or decree.

However, as indicated, the judgment or decree in this case was rendered long before the questions now urged were raised. It would appear, therefore, that the defendants are precluded from pressing the question now.

4. As indicated, the motion for a new trial is formal and follows stereotyped lines. The several complaints do not raise questions not considered and discussed in the memorandum opinion, and this motion, too, should be overruled.

Because of the importance of the case, able and courteous counsel have requested an opportunity to be heard in an oral argument. While a review of all the facts in the case, and in the light of this memorandum, would seem to dispense with the necessity of an oral argument, yet it is regretted that the inconvenience and expense that would be entailed in such a hearing make it inadvisable to grant the request.

The decree, as entered on January 10th, last, should be permitted to stand without modification and, therefore, it follows that the several motions filed by the defendants should be and will be overruled.