10 N.J. Super. 581 (1950)
77 A.2d 523
IN THE MATTER OF THE ESTATE OF MARY HAAS, DECEASED.
Superior Court of New Jersey, Hudson County Court Probate Division.
Decided December 11, 1950.
*583 Mr. Emil W.A. Schumann, for the exceptant.
Messrs. Roberson & Roberson (Mr. William Rubin appearing), for the executor.
ZIEGENER, J.C.C.
This matter is before the court on exceptions of Martha Copeland to the final account of John Haas, the executor of the estate. There are four exceptions involving (1) $5,000 cash; (2) $10,377 net proceeds of sale of No. 36-38 West 34th Street, Bayonne, New Jersey, received by decedent during her lifetime and converted into a $10,000 United States Government Bond, Series G, issued on February 1, 1946, and re-issued on December 1, 1948, in the name of the executor or Miss Elizabeth Haas, daughter of decedent; (3) $9,368.59 representing net proceeds received by decedent from the sale of No. 14 East 31st Street, Bayonne, New Jersey, represented in part by $4,000 in United States Government G Bonds issued January 1, 1949, and re-issued *584 January 28, 1949, in the name of the executor or Miss Elizabeth Haas, and the balance in cash; and (4) two $500 United States Government Bonds, Series G, issued in 1942 and re-issued on November 12, 1948, in the name of the executor and his wife, Agneta Haas. The final account does not contain these items and it is the contention of the exceptant that they should have been included.
Before John Haas, the executor, testified objection was made by counsel for the exceptant on the ground that he was not a competent witness. The hearing continued upon the court's ruling that decision on the objection would be reserved, and the testimony received subject to such ruling. The objection was based on the "dead man's statute," R.S. 2:97-2, which prohibits any other party from testifying respecting a transaction or statement of decedent unless the door is opened by the action of the representative. Under this statute an executor would not be qualified to prove his own demand against the estate in his hands, and he would therefore not be competent to testify in his own behalf to any transaction with the testator. I have determined that the objection was well taken and that the testimony of the executor is not admissible, since it relates to conversations and transactions with the decedent, and therefore the testimony given by him in reference to conversations and transactions with the decedent will be stricken. (See Smith v. Burnet, 34 N.J. Eq. 219 (Prerog. 1881); affirmed, 35 N.J. Eq. 314 (E. & A. 1882); In re Fulper, 99 N.J. Eq. 293, 316 (Prerog. 1926)).
The rule in reference to exceptions to accounts is that the burden of proving that an executor has omitted assets therefrom is on the exceptants, but once they have met this burden, the burden is transferred to the executor to establish his own claim to the property.
Mary Haas, the decedent, died on August 31, 1948, and in her will she appointed her son, John Haas, as executor and as guardian of her four infant grandchildren. She left her residuary estate in trust to her said son, to pay the income therefrom to her daughter, Elizabeth, during her lifetime, and upon her death to distribute the remainder among four *585 of her children and four grandchildren, in six shares. The amount shown on the account for distribution is $9,081.65.
Decedent's husband predeceased her on April 30, 1945, leaving his entire estate to her. She thereupon received $5,000 in life insurance money and the two parcels of real estate in Bayonne, New Jersey. It appears to the court that the exceptant has failed to carry the burden of proving that the executor retained any part of the $5,000, or that it should be included in the account, with the exception of $400, which Carolyn Lautenschlager, decedent's daughter, testified decedent had left in her home in Virginia. It appears that the original amount was $490, but Carolyn Lautenschlager gave $90 to Elizabeth. Therefore, exception number 1 will be dismissed, excepting that the amount of $400 should appear in the account.
The next exception is that the executor did not charge himself with about $10,000 which was received for the sale of the West 34th Street property on January 28, 1946. The evidence disclosed that a $10,000 United States Savings Bond, Series G, was purchased in February, 1946, in the names of Mary Haas, the decedent, or Elizabeth Haas. The bond remained in these names until after decedent's death, when it was re-issued in the names of "Miss Elizabeth Haas or John E. Haas." Although Elizabeth Haas, the daughter, whose name was on the bond, testified she did not know thereof until sometime after it was originally issued, when her mother told her that she put her name on it because she wanted her to have the income therefrom during her lifetime, this did not affect the status of the bond upon decedent's death, at which time it automatically became the sole property of Elizabeth. It never became an asset of decedent's estate. The ownership of United States Savings Bonds is determined solely by the provisions of United States Treasury Department Circular No. 530, 6th Revision, February 13, 1945, and such ownership cannot be changed by will, unless in the sole name of the decedent. They are payable only to the owners named thereon. Where two names appear on a bond, as co-owners, the surviving owner will be recognized as the sole and *586 absolute owner. (See Subpart L, § 315.45, par. (c)). Therefore, this bond became the sole property of Elizabeth Haas when Mary Haas died. Ordinarily, the consent to having John's name placed on the bond when it was re-issued would constitute a gift of co-ownership, but it was not a gift in this case, as the bond was Elizabeth's and he was holding it as trustee for her. Since this is so, he should immediately have the bond re-issued in the name of Elizabeth Haas alone, and deliver it to her, in order to remove the danger of the bond becoming his sole property should Elizabeth predecease him. Exception number 2 will be dismissed upon his so doing.
The third exception alleges that the executor did not charge himself with about $10,000 of the cash proceeds of the sale by decedent of the 31st Street property. This property was sold on or about May 3, 1948. Several of the witnesses testified that the decedent told them the proceeds of this sale were to be invested and the income paid to Elizabeth, and upon her death the principal was to be distributed equally among all the children. The net proceeds of this sale were $8,961.90. The only admissible evidence in reference to this money sets forth that the executor retained the proceeds of the sale and thereafter gave Elizabeth $2,000 in cash, and purchased four $1,000 U.S. bonds in his and Elizabeth's names, retaining the balance himself. This distribution took place after the mother's death. The only proof that these proceeds were not an asset of the decedent's estate is the executor's claim to part of the money as a gift, and Elizabeth's testimony, on cross-examination, that decedent intended to make a gift to him of one-half of the proceeds of the property, conditioned on her return from Virginia to his home, where she intended to live. As to the remaining one-half of the proceeds, Elizabeth said that it was to become part of the estate, and to be disposed of in accordance with the terms of the will. It therefore appears that the exceptant has carried the burden of proof to establish that the proceeds of the said sale constituted part of the decedent's estate, and no competent proof has been offered by the executor to overcome this proof. Moreover, the executor has failed to established the elements of a gift inter *587 vivos to Elizabeth and himself, as to this money. Therefore, exception number 3 will be allowed and the executor will be required to include in his account the proceeds of said sale, amounting to $8,961.90.
The fourth exception alleges that the executor has not charged himself with $1,000 of U.S. Savings Bonds (two $500 bonds), Series E, originally issued in 1942 in the names of Samuel or Mary Haas, parents of the parties. Samuel predeceased Mary, and she had them re-issued in the names of "Mrs. Mary Haas or John E. Haas" and he took possession of them. The action of decedent in so causing these bonds to be re-issued making John a co-owner, constituted a gift, so that upon the death of his mother the sole ownership of these bonds automatically passed to him under the above United States Treasury Regulations, and they did not constitute part of decedent's estate. John's subsequent action in having these two bonds re-issued in the names of his wife and himself was within his legal rights, and therefore the fourth exception will not be allowed.
There is also an exception requesting that the application for commissions and counsel fees be denied because of the willful failure of the executor to include among his charges the assets mentioned in the four exceptions. While it is true that the assets mentioned in the third exception should have been included, and that he commingled the funds of the estate with his own money, it does not appear that he appropriated or retained any of the estate's assets. He was also delinquent in not sending copies of the will to the beneficiaries, and in not filing an inventory. I find that these are not sufficient reasons for his removal as executor and testamentary guardian, and for the denial of his commissions and counsel fees, due to the circumstances hereinabove set forth. Therefore, this additional exception will be dismissed.
Upon the compliance by the executor with the directions herein contained, that is, changing the bonds as indicated and charging himself with the amounts hereinabove mentioned, and the filing of an amended final account, the matter will receive further consideration.