Sullivan,
No. 4542.

GERTRUDE S. LEVLOCK, *Adm'x*

*v.*

ARISTIDES V. SPANOS, *Adm'r.*

Argued February 5, 1957.

Decided April 30, 1957.

*McLane, Carleton, Graf, Greene & Brown* and *Shulins & Duncan* (*Mr. Brown* orally), for the plaintiff.

*Faulkner, Plaut & Hanna* (*Mr. Plaut* orally), for the defendant.

KENISON, C. J.   It is a familiar principle that the law of the place of wrong governs the right of action for wrongful death. Restatement, Conflict of Laws, s. 391.  *Gray* v. *Gray*, 87 N. H. 82. Consequently the right of the plaintiff to maintain an action for wrongful death in this case is governed by the statutes and case law of Vermont.  *Zielinski* v. *Cornwell*, 100 N. H. 34, 37.  While the Vermont rule is well established that a wife has no cause of action against her husband for torts (*Comstock* v. *Comstock*, 106 Vt. 50) the question in this case is whether an action for wrongful death may be prosecuted under the Vermont wrongful death statute when the husband and wife are deceased.

The pertinent parts of the Vermont Statute (1947) read as follows:  "2926.  *Right of action where death results from wrongful act.*  When . . . death . . . is caused by the wrongful act, neglect or default of a person . . . and the act, neglect or default is such as would have entitled the party injured to maintain an action and recover damages in respect thereof, if death had not ensued, the person . . . liable to such action shall be liable to an action for damages, notwithstanding the death of the person injured . . . . "

"2927.  *Action for death from wrongful act; procedure; damages.* Such action shall be brought in the name of the personal representa-

tive of such deceased person and commenced within two years from his decease . . . . The court or jury before whom the issue is tried may give such damages as are just, with reference to the pecuniary injuries resulting from such death, to the wife and next of kin or husband and next of kin, as the case may be. The amount recovered shall be for the benefit of such wife and next of kin or husband and next of kin, as the case may be, who shall receive the same proportions as in the distribution of the personal estate of persons dying intestate."

In *Berry* v. *Rutland Railroad Co.*, 103 Vt. 388, 391, it was held that the statute "does not give a new right of action, but a new right of recovery, not existing at common law, arising from the injury to the deceased which gave or would have given him a right of action if death had not ensued." *Desautels' Admr* v. *Mercure's Estate*, 104 Vt. 211, 214, appears the following: " . . . the statute creates merely a new right of recovery which attaches to the right of action arising from the original wrong. By it, a new element of damages is engrafted upon that right of action; it provides 'a new principle as to the assessment of damages.' " The *Berry* case, *supra*, was cited with approval in the more recent case of *Abbott* v. *Abbott*, 112 Vt. 449, 451.

The defendant contends that these cases indicate that the right of recovery for the benefit of next of kin is derivative in nature and subject to any infirmities that would have existed if death had not occurred. Since the wife would have had no cause of action for personal injuries in her lifetime, the defendant claims that the derivative right of recovery for the next of kin is subject to the same defensive infirmity where the suit is brought after death. Reliance is also placed on the dictum in *Carty's Admr* v. *Winooski*, 78 Vt. 104, 109: "As the intestate would have had no right of action, if death had not ensued, his personal representative can have none for the benefit of next of kin."

The plaintiff emphasizes that the Vermont wrongful death statute provides " . . . a new right of recovery, entirely independent and unrelated to any which the deceased may have had during his lifetime . . . " *Brown, Admr* v. *Perry*, 104 Vt. 66, 69. This case was likewise cited with approval in *Abbott* v. *Abbott, supra*, 451, as follows: "The right of action given by P. L. 2859 [now V. S. 2926] is entirely independent of and unrelated to any that the deceased may have had in his lifetime, and is vested in his executor or administrator for the benefit of certain designated

beneficiaries. The recovery is not based upon an injury to the decedent's estate but upon the loss sustained by those for whose benefit the action is brought. *Brown, Admr* v. *Perry*, 104 Vt. 66, 69; 77 A. L. R. 1294. The right arises from an injury to the deceased which gave, or, if death had not ensued, would have given him a cause of action. *Berry* v. *Rutland R. R. Co.*, 103 Vt. 388, 391." It is argued that the administrator of the wife's estate has rights independent of and unrelated to those the wife would have had in her lifetime and are unaffected by her disability to sue her husband during coverture.

While there is a dispute as to the controlling language of the Vermont cases cited above, there is general agreement that there is no Vermont case which specifically decides the question whether the administratrix of the wife's estate can sue the administrator of her husband's estate for the negligent operation of a motor vehicle by the latter resulting in death. The plaintiff contends that Vermont would follow *Welch* v. *Davis*, 410 Ill. 130, and *Kaczorowski* v. *Kalkosinski*, 321 Pa. 438, and allow recovery. See anno. 28 A. L. R. (2d) 662. Commentators tend to support this minority view. 2 Harper & Jones, The Law of Torts (1956) s. 24.5. "However, most states have held otherwise, and as a result the common law disability of one spouse to sue the other has been effectively imposed to defeat recovery under these death statutes." 38 Va. L. Rev. 402, 403. See Prosser, Torts (2nd *ed.* 1955) s. 105, *pp.* 716, 717.

Our examination of the authorities indicates that Vermont would not allow recovery in the present case. The cases cited by the defendant in support of that view have not been overruled or questioned. Furthermore, the case of *Abbott* v. *Abbott*, 112 Vt. 449, does not purport to restrict them even though some language in the opinion may be broader than the cases cited in support of it. The absence of any common-law cause of action in favor of a wife for her husband's torts is strongly entrenched in Vermont and *Comstock* v. *Comstock*, 106 Vt. 50, indicates that the Vermont court places considerable weight on the majority rule in determining the applicable rule for its jurisdiction. We can find no later decision in Vermont which throws doubt on the rationale or holding in the apposite case of *Desautels' Admr* v. *Mercure's Estate, supra,* 104 Vt. 211. Consequently, we are of the opinion that the defendant's plea in bar should have been sustained.

If the declaration in this suit can be construed to allege a breach

26

of contract to transport the decedent, an issue which we do not decide, it is plain that the gravamen of the suit is essentially one of tort which the plaintiff cannot alter by his pleading. *Compton v. Evans*, 200 Wash. 125. See *Brunel* v. *Association*, 95 N. H. 391. By the great weight of authority the "fact that the action is in form one for breach of contract does not affect the result." Prosser, Torts (2nd *ed.* 1955) *p.* 707; *McClure* v. *Johnson*, 50 Ariz. 76.

*Judgment for the defendant.*

WHEELER, J., took no part in the decision; the others concurred.