Hillsborough,
No. 4780.

THERESA M. MORIN *v.* RICHARD M. LETOURNEAU.

Argued November 3, 1959.

Decided December 1, 1959.

310

*Walter H. Gentsch* and *William D. Tribble* for the plaintiff, furnished no brief.

*Upton, Sanders & Upton* and *Wesley E. Whitney* (*Mr. Whitney* orally), for the defendant.

DUNCAN, J.  It is the settled law of this jurisdiction that a married woman may maintain an action against her husband for damages suffered during coverture as a result of his illegal acts (*Gilman* v. *Gilman,* 78 N. H. 4) including negligent acts (*Miltimore* v. *Company,* 89 N. H. 272).

RSA 460:2 provides in part:  "Every married woman . . . may . . . sue and be sued, in all matters in law and equity . . . as if she were unmarried"; and it is considered that as a result of the married women's acts "husband and wife now stand upon an equality of right in respect to property, torts, and contracts . . . . "  *Seaver* v. *Adams,* 66 N. H. 142, 143.  See also, *Caplan* v. *Caplan,* 83 N. H. 318; *Gray* v. *Gray,* 87 N. H. 82.

It has been the equally well-settled law of this and other jurisdictions that the existence and extent of a cause of action for a wrong are governed by the law of the place where the wrong

occurred, or the plaintiff's injuries were suffered. Restatement, Conflict of Laws, s. 382, *et seq. Gray* v. *Gray, supra; Boisvert* v. *Boisvert,* 94 N. H. 357; *Zielinski* v. *Cornwell,* 100 N. H. 34, 37. Thus in *Miltimore* v. *Company,* 89 N. H. 272, *supra,* 273, it was said that " 'incidents of [the marital status of parties domiciled in the forum] are those prescribed by the law of the place where the transactions take place.' Though by the law of the forum the wife's incapacity to recover for the tort of her husband has been abolished, the *lex loci delicti* must determine her right to recover in the present action against her husband. *Gray* v. *Gray,* 87 N. H. 82." This was the conclusion reached in *Gray* v. *Gray, supra,* where the plaintiff wife was injured in Maine; and it was there determined that under the law of Maine "there is not merely . . . a prohibition of suit, but . . . the acts complained of do not give rise to any cause of action." *Id.,* 85.

Relying upon this rule, the defendant in this case contends that under Massachusetts law the plaintiff could not recover in that jurisdiction (*Lubowitz* v. *Taines,* 293 Mass. 39) and therefore should not be permitted to maintain her action here. In support of this contention he relies upon *Coster* v. *Coster,* 289 N. Y. 438 and *Bohenek* v. *Niedzwiecki,* 142 Conn. 278, to illustrate proper application of principles of conflict of laws in cases of antenuptial torts, and to establish that the right of the wife to recover against her spouse is a matter of substantive law and governed by the law of the place of the wrong when the law of the forum differs. See anno. 43 A. L. R. (2d) 632, 636.

Recent developments in the field of conflict of laws indicate support in interspousal or family suits, arising out of wrongs committed in foreign jurisdictions, for the view that the rights of the parties should be determined in accordance with the law of the domicile of the parties. *Emery* v. *Emery,* 45 Cal. (2d) 421, 428; *Koplik* v. *C. P. Trucking Corp.,* 27 N. J. 1, 11-12; *Haumschild* v. *Continental Casualty Company,* 7 Wis. (2d) 130 (overruling *Buckeye* v. *Buckeye,* 203 Wis. 248); *Bodenhagen* v. *Company,* 5 Wis. (2d) 306, modified in 95 N. W. (2d) 822. And see Kelso: Accidents and Conflict of Laws, 33 Ind. L. J. 297; Ford; Interspousal Liability for Automobile Accidents, 15 U. Pitt. L. Rev. 397; note, 68 Harv. L. Rev. 1260; comment, 15 Wash. & Lee L. Rev. 266, 275-276. In commenting upon the *Koplik* case, *supra,* Professor Seavey has recently expressed disagreement with the Connecticut decision in *Bissonnette* v. *Bissonnette,* 145 Conn. 733,

which followed *Bohenek* v. *Niedzwiecki,* 142 Conn. 278, *supra.*
1958 Annual Survey of American Law 487, 488 (34 N. Y. U. L.
Rev. 527, 528).

However, none of these decisions have been referred to by the
parties, and we find no occasion for purposes of this case either
to adopt or to censure the views which they advance (*cf. Lumber-
mens Cas. Co.* v. *Blake,* 94 N. H. 141), or to question the soundness
of the rule applied in *Miltimore* v. *Company* and *Boisvert* v.
*Boisvert, supra.* The latter cases both involved causes claimed to
have arisen after marriage, out of conduct in Massachusetts; and
the view adopted has been reinforced by *Callow* v. *Thomas,* 322
Mass. 550, a case since decided, where it was held that following
annulment of a marriage valid when the alleged acts of negligence
took place (*p.* 555), a wife may not maintain an action against
her former spouse based upon his conduct during the marriage,
"for the fundamental reason that because of the marital relation-
ship no cause of action ever came into existence." *Id.,* 552.

The issue before us in this case, however, is not that of whether
a wife may maintain an action against her spouse for a wrong
which occurred in Massachusetts *after* the marriage. In the
language of *Koplik* v. *C. P. Trucking Co., supra,* 3, "No conflict of
laws problem is presented with respect to [the plaintiff's cause of
action before marriage] for both [Massachusetts and New Hamp-
shire] recognize her right to sue in such a situation. The issue
here is simply whether the subsequent marriage before judgment
extinguishes the right to prosecute the action." See anno. 43
A. L. R. (2d) 632, *supra,* 642, *s.* 4.

As a preliminary matter, it may be observed that neither the
law of New Hampshire, nor that of Arkansas, where the marriage
took place, would operate to preclude recovery by the plaintiff
wife unless required by the law of Massachusetts. See *Katzenberg*
v. *Katzenberg,* 183 Ark. 626; *Leach* v. *Leach,* 227 Ark. 599; note,
34 N. D. L. Rev. 71.

We turn therefore to a consideration of *Lubowitz* v. *Taines,*
293 Mass. 39, *supra,* upon which the defendant relies to establish
his right to dismissal, in accordance with the decisions of the New
York and Connecticut courts in *Coster* v. *Coster* and *Bohenek* v.
*Niedzwiecki, supra.* The *Lubowitz* case parallels the case now
before us, in that in each case the accident occurred before the
marriage. Unlike the situation in *Callow* v. *Thomas,* 322 Mass.
550, where it was held that no cause of action ever arose between

the spouses, in *Lubowitz* v. *Taines, supra,* it was not questioned that a cause did arise, since the parties were admittedly unmarried when the accident occurred. Further, in the *Lubowitz* case the court nowhere held that the cause of action was extinguished by the subsequent marriage, or that its continued existence was conditioned upon the plaintiff's remaining unmarried to the defendant. See McCurdy; Personal Torts Between Spouses, 4 Villanova L. Rev. 303, 325; footnote 135. *Cf.* Restatement, Conflict of Laws, *s.* 605.

Instead, the court relied upon Massachusetts General Laws (Ter. *ed.*) *c.* 209, *s.* 6 which provides: "A married woman may sue and be sued in the same manner as if she were sole; but this section shall not authorize suits between husband and wife." For aught that appears in the opinion, the decision rested upon a "prohibition of suit" (*Gray* v. *Gray, supra,* 85) or the unenforceability of the plaintiff's cause, and not upon any substantive extinguishment of the cause by marriage. The English case of *Gotliffe* v. *Edelston,* [1930] 2 K. B. 378, to which the court referred in some detail, has since been overruled, as "wrongly decided" and "not good law." *Curtis* v. *Wilcox,* [1948] 2 K. B. 474, 482.

We conclude that the *Lubowitz* case does not stand for the proposition that marriage operated to deprive the plaintiff of her cause of action, but establishes merely that she may not enforce it against her husband in Massachusetts. This conclusion is enforced by the language used in *Pittsley* v. *David,* 298 Mass. 552, where discussion of the *Lubowitz* case indicates that the wife's disability to maintain her action in that case rested upon the husband's "immunity from actions at law by the wife," rather than upon any extinguishment of the cause because of marriage or any "universal legal identity" resulting therefrom. *Id.,* 553. The holding in the *Pittsley* case that the employer's vicarious liability for the husband's conduct was enforceable, implies that a cause of action in favor of the wife was there considered to have arisen from the husband's conduct. See *Miltimore* v. *Company,* 89 N. H. 272, *supra.* Thus we find in the Massachusetts decisions no plain indication that under the law of that jurisdiction the marriage of the parties extinguishes a pre-existing cause of action between them.

Absent such a holding in Massachusetts, there is no reason for this court to hold that the plaintiff's cause of action which

arose in Massachusetts was extinguished under the law of Arkansas where the marriage was later performed, or under the law of New Hampshire where the parties resided at all material times. Hence the pending action may be maintained in New Hampshire, and the defendant's motion should be denied.

*Motion denied.*

All concurred.