Leona Gallagher ROMMEL, Appellant,

v.

WEST AMERICAN INSURANCE COM-
PANY, Appellee.

No. 2485.

Municipal Court of Appeals for the
District of Columbia.

Argued Nov. 30, 1959.

Decided March 17, 1960.

Rehearing Denied April 5, 1960.

Hyman J. Cohen, Washington, D. C., for appellant.

Frederick H. Livingstone, Washington, D. C., with whom Paul J. Sedgwick, Washington, D. C., was on the brief, for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

This appeal is from a summary judgment granted in favor of the defendant. The record discloses the following facts. In December of 1956 Mrs. Leona Gallagher, a widow, was riding in Virginia in an automobile driven by Mr. Rommel. An accident occurred, apparently through the negligence of Mr. Rommel, and Mrs. Gallagher was injured. Shortly thereafter a representative of Mr. Rommel's insurer called on Mrs. Gallagher and entered upon negotiations with her respecting settlement of her claim for injuries. Apparently an agreement to settle for $500 was reached, but that agreement was rescinded at Mrs. Gallagher's request. On August 17, 1957, Mrs. Gallagher and Mr. Rommel were married. A week later she wrote to the insurance company that she was leaving the city but would be back in her office after October 1 and would like to hear from the company after that date. She signed this letter as "Leona P. Gallagher."

Sometime later negotiations for settlement were resumed. Telephone calls were made, by the adjuster to Mrs. Gallagher at her place of business. She responded to that name and by that name. Following these calls the adjuster went to her place of business in July 1958 and there, according to her, an agreement was reached that the insurance company would pay, and she would accept, $675 in settlement of her claim. The insurance company appears unwilling to concede that such an agreement was reached, but the adjuster's affidavit concedes that "an amount of $675.00 was mentioned and said to be satisfactory to both parties," and states that the adjuster began preparation of a form of release. At this point Mrs. Gallagher told the adjuster that her name was Leona Gallagher Rommel, as she had married Mr. Rommel, the company's insured. This was the first time the insurance company knew of the marriage, and the adjuster immediately declined to go forward with the settlement.

This action was brought by Mrs. Rommel against the insurance company for breach of the alleged settlement agreement. In granting summary judgment for the insurance company, the trial court stated:

"* * * it appearing to the Court that no contract of settlement was concluded between the parties, and, further, that if it could be held that a settlement agreement had been reached, there was no consideration flowing from defendant to plaintiff for the reason that plaintiff, having married the insured, had no claim against defendant arising out of the accident in question at the time of the alleged agreement, * * *."

If the pleadings and other papers left a doubt as to whether an agreement had been reached between the parties, the case was not a proper one for summary judgment. Summary judgment is appropriate only where there are no factual issues. However, the court's ruling appears to be based on its second ground, namely, that, assuming the existence of the agreement, it was not a valid contract because of lack of consideration; and it is this latter proposition that has been the center of the argument here.

The law favors the settlement of controversies, and a valid and binding agreement of compromise and settlement

will be enforced as any other contract.[1] To be valid and binding there must be an offer and an acceptance, and consideration to support the agreement. As before indicated, the insurer's position is that even if there was an offer and acceptance there was no binding agreement because (1) there was no consideration and (2) there was concealment of a material fact by Mrs. Rommel.

The claim of no consideration is based on the holding in the District of Columbia in Spector v. Weisman, 1930, 59 App.D.C. 280, 40 F.2d 792, and the holding in Virginia in Furey v. Furey, 1952, 193 Va. 727, 71 S.E.2d 191 that a married woman may not sue her husband in tort even though the tort was committed prior to marriage. The argument is that both under the law of the jurisdiction where the tort occurred and under the law where the agreement was made (which apparently is the domicile of Mr. and Mrs. Rommel) Mrs. Rommel had no claim to compromise when the agreement was made.[2]

■ A valid compromise of a claim does not require that the claim be valid. Usually it is a disputed claim, and release of a claim may be sufficient consideration even though the claim is without merit. The authorities differ in their language, but in general it may be said that the great weight of authority is that forbearance to press a claim is sufficient consideration unless the claim is so clearly unreasonable that it is evident that the claim cannot be asserted in good faith.[3] In Magruder v. National Metropolitan Bank, D.C.Mun.App., 40 A.2d 828,

830, we said: "* * * there seems to be general agreement that if the claim is advanced in good faith and is not obviously absurd in fact or plainly unfounded in law, its forbearance constitutes a good consideration."

■ Using our language above quoted as the test, we think it cannot be said that Mrs. Rommel's claim was obviously absurd in fact, and the question is whether it was plainly unfounded in law. Her claim would appear to be barred by Spector v. Weisman, supra, but she would have the right to seek a reconsideration of the rule announced in that case which was based on the case of Thompson v. Thompson, 218 U.S. 611, 31 S.Ct. 111, 54 L.Ed. 1180. See Judge Holtzoff's comments in Steele v. Steele, D.C.D.C., 65 F.Supp. 329, wherein he suggested that it is not unlikely that a reconsideration of Thompson v. Thompson could result in adoption of the dissenting views of Justices Harlan, Holmes and Hughes. His suggestion is by no means farfetched for the state of the law on interspousal immunity from tort is not set and fixed. Although a majority of the jurisdictions uphold the immunity rule, a respectable minority hold otherwise; and recent cases show a trend toward reconsideration of the majority rule. In Brown v. Gosser, Ky.1953, 262 S.W.2d 480, 43 A.L.R.2d 626, the immunity rule was rejected and prior cases overruled. In Hamilton v. Fulkerson, Mo.1955, 285 S.W.2d 642, it was held that a wife could maintain an action against her husband for a personal tort committed by him prior to their marriage. And see dissenting opinion in

1. 11 Am.Jur., Compromise and Settlement, § 4; 3 Corbin, Contracts § 620.

2. Since the law of Virginia and the District of Columbia appears to be substantially the same, we are not called upon to decide whether the law of Virginia or the District of Columbia should govern in determining the validity of the claim. See Bohenek v. Niedzwiecki, 142 Conn. 278, 113 A.2d 509; Levlock v. Spanos, 101 N.H. 22, 131 A.2d 319; Morin v. Letourneau, N.H., 156 A.2d 131; and

cf. Mertz v. Mertz, 271 N.Y. 466, 3 N.E. 2d 597, 108 A.L.R. 1120; Koplik v. C. P. Trucking Corporation, 27 N.J. 1, 141 A.2d 34; Haumschild v. Continental Cas. Co., 7 Wis.2d 130, 95 N.W.2d 814; Baker v. Gaffney, D.C.D.C., 141 F.Supp. 602.

3. For general discussions on this subject, see 1 Williston, Contracts (3rd ed.) § 135B; 1 Corbin, Contracts, § 140; 11 Am.Jur., Compromise and Settlement, § 19; 15 C.J.S. Compromise and Settlement § 11b.

Brawner v. Brawner, Mo.1959, 327 S.W. 2d 808, suggesting abolition of the entire immunity rule. In Koplik v. C. P. Trucking Corp., 1957, 47 N.J.Super. 196, 135 A.2d 555, the immunity rule was rejected, but this decision was reversed by the New Jersey Supreme Court in a four to three opinion. 1958, 27 N.J. 1, 141 A.2d 34. See also the concurring and dissenting opinion in Spellens v. Spellens, 1957, 49 Cal.2d 210, 317 P. 2d 613, suggesting that the majority rule should be re-examined. In Virginia, the place where the accident here involved occurred, the rule announced in the Furey case, supra, has been restricted to "purely personal torts" and relaxed to the extent that "each spouse is liable to the other for the tortious damage to his or her property." Vigilant Insurance Co. v. Bennett, 1955, 197 Va. 216, 89 S.E.2d 69, 75, 76.

While we do not mean to indicate a belief that Mrs. Rommel, had she pursued her claim for damages in either the District of Columbia or Virginia, would have succeeded, we hold that in view of the foregoing her claim was not so plainly unfounded in law that its release would not constitute a valid consideration.

We now turn to the insurance company's other point, which is that, assuming the existence of an otherwise valid contract of settlement, the contract was vitiated by Mrs. Rommel's fraud in concealing from the insurance company the fact of her marriage to the insured. The argument is that Mrs. Rommel by the continued use of her former name concealed the fact of her marriage and thereby induced the company to make an agreement which otherwise it would not have done. Mrs. Rommel explains the use of her former name by the fact that since 1950 she has been employed by a company of which she has been treasurer since 1955, that she was known in the business community by the name of

Leona Gallagher, and in her business signed checks and other documents by that name; and that when the adjuster called her at her place of business she naturally responded by her business name; and that she had no intention of concealing her marriage from the insurance company as is evidenced by the fact that she voluntarily disclosed her marriage to the adjuster. As far as the record shows, Mrs. Rommel had no legal advice during her negotiations with the insurance company and was unaware of the legal consequence of her marriage upon her tort claim.

In our opinion the mere fact that Mrs. Rommel did not make disclosure of her marriage did not constitute fraud as a matter of law. If her silence with respect to her marriage was a deliberate concealment intended to induce the company to make settlement with her, then there was fraud which would vitiate the contract. On the other hand, if she had no realization of the legal consequence of her marriage and if her failure to disclose her marriage was innocent and free of intent to misrepresent, then there was no fraud. These questions cannot be answered on motion for summary judgment. There must be a trial of these issues.

Reversed.

QUINN, Associate Judge (dissenting).

I think the granting of summary judgment by the trial court should be affirmed because appellant's claim was plainly unfounded under existing law in this jurisdiction based upon the Thompson and Spector cases cited by the majority. If there is to be a revaluation of the rule on interspousal immunity from tort, I believe it should be made by the United States Court of Appeals for this circuit rather than by the trial court.