**Leona Gallagher ROMMEL, Appellant,**

v.

**WEST AMERICAN INSURANCE COMPANY, Appellee.**

No. 2679.

Municipal Court of Appeals for the District of Columbia.

Submitted Jan. 16, 1961.

Decided Feb. 8, 1961.

Hyman J. Cohen, Washington, D. C., for appellant.

Paul J. Sedgwick and Frederick H. Livingstone, Washington, D. C., for appellee.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, Retired) sitting by designation under Code § 11–776(b).

CAYTON, Acting Judge.

This was an action against an insurance company on an agreement of compromise. Judgment was for defendant and this appeal followed.

In a memorandum opinion the trial court stated the facts as follows:

"Plaintiff was injured in Virginia while a guest in an automobile of one, Rommel, in December of 1956. Settlement negotiations were carried on over a period of almost two years during which time no agreement was reached, and during which time the insurance company dealt with plaintiff as Leona P. Gallagher. In July, 1958, an adjuster went to her place of business, where she was known as Mrs. Gallagher, and an agreement was reached under which for $675.00 plaintiff would settle her claim in full. As the adjuster prepared a form of release, Mrs. Gallagher advised him that her name was Leona Gallagher Rommel and that she had married the com-

pany's insured on August 17, 1957, almost a year before the disputed negotiations. This was the first time the insurance company knew of the marriage and the adjuster immediately declined to go forward with the settlement."

The court also stated:

"The evidence showed that the plaintiff was Mrs. Leona P. Gallagher at the time of the accident, out of which her claim arose; that she was at that time and still is engaged actively in business in which, for reasons of convenience, she continued to use the name of Gallagher after she had married Rommel. On the basis of the testimony, the Court is convinced that there was no fraud in her failure to reveal her marriage to Rommel until the adjuster was in the process of writing out a release pursuant to the agreed settlement."

But the court held that the mere innocent failure to reveal her marital status vitiated the otherwise valid contract of settlement.

This case was here before on appeal from a summary judgment in favor of defendant insurance company. Rommel v. West American Insurance Company, D.C. Mun.App., 158 A.2d 683, 685. Holding among other things that the law favors the settlement of controversies we reversed, and referring to defendant's claim that there was no consideration for the agreement (because a married woman may not sue her husband in tort), we said:

"A valid compromise of a claim does not require that the claim be valid. Usually it is a disputed claim, and release of a claim may be sufficient consideration even though the claim is without merit."

We held that the mere fact that Mrs. Rommel did not make disclosure of her marriage did not constitute fraud as a matter of law; that if her silence concerning her

marriage was a deliberate concealment intended to induce the company to make settlement with her, it would be a fraud which would vitiate the contract; but that on the other hand, if her failure to disclose her marriage was innocent and free from intent to misrepresent, then there was no fraud.

We now review the situation in the light of the facts presented at the trial. Fraud plays no part here, for the trial judge specifically ruled that there was no fraud in appellant's failure to reveal that she had married Rommel. The judge referred to it as an "innocent failure to reveal this material fact" and ruled that it vitiated the compromise agreement which was otherwise valid. We cannot agree with that view. Assuming *arguendo* that appellant's marital status was a material fact,[1] there was no evidence whatever to indicate any attempt at concealment. Thousands of married women use their single names (and even assumed names) in an entirely legitimate way for business or professional reasons. That was the situation here. There was no evidence that appellant hid anything from the insurance company. She told the adjuster her married name when the time came for signing a release and receiving a check.

In our earlier opinion we mentioned that as far as the record showed, appellant had no legal advice during her negotiations with the insurance company and was unaware of the legal consequences of her marriage upon her tort claim. The same is true of the trial record which is now before us. The negotiations were apparently between her and the insurance adjuster who was at least as sophisticated as she in such matters. There was no evidence to suggest any overreaching on her part or any conduct calculated to induce a settlement by deceit.

Based on the evidence and on what we have said above, as well as in our earlier opinion, we conclude that it was error to deny recovery in this case.

Reversed with instructions to enter judgment for plaintiff.

1. In our earlier opinion we cited a number of decisions reflecting the fluidity of the law on this subject.